# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 3:20-BK-01132 |
| AFFILIATED CREDITORS, INC. ) | Judge Charles M. Walker |
| ) | Chapter 11 |
| Debtor. ) | |

**EXPEDITED MOTION FOR ENTRY OF ORDER AUTHORIZING
DISBURSEMENT OF CLIENT FUNDS AND AMENDING EXPEDITED
AGREED ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL**

The Debtor respectfully submits this Expedited Motion for Entry of Order Authorizing Disbursement of Client Funds and Amending Expedited Agreed Order Authorizing Use of Cash Collateral on an Interim Basis (the "Motion"). Debtor requests that the Court consider this Motion in connection with the continued hearing on Debtor's Expedited Motion for Entry of Order Authorizing Use of Cash Collateral (the "Cash Collateral Motion") (Docket No. 4) set for March 10, 2020 at 1:30 P.M. in Courtroom 2, 701 Broadway Nashville TN 37203.

## SUMMARY OF RELIEF REQUESTED

1. *Expedited Relief Requested*. The Debtor requests that the Court: (i) authorize the immediate disbursement of client funds, (ii) amend the Agreed Order Authorizing Use of Cash Collateral (Docket No. 37) as necessary to effectuate same, and (iii) grant Debtor's continued interim use of cash collateral to fund ordinary business operations and necessary expenses in accordance with the attached revised budget.

2. *Basis for Urgency.* This motion must be considered on an expedited basis because the Debtor's business operations will suffer immediate and irreparable harm if the Debtor is not allowed remit funds to its clients and use cash collateral. To stay in

business and maximize the value of its bankruptcy estate, the Debtor must pay ordinary expenses, utilities, and vendors that are necessary to operate its business. Furthermore, as a collection agency, Debtor is in possession and control of millions of instances of protected health information and consumer data and requires use of cash to maintain the security thereof.

3. *Notice.* This motion has been served on (i) all parties consenting to electronic service via the Court's CM/ECF system, (ii) the Office of the United States Trustee via email, (iii) the 20 largest creditors and all secured creditors via email, fax, or hand-delivery. This motion has also been sent by email to Regions Bank, the sole entity alleging to have a perfected security interest in the Debtor's cash collateral.

4. *Suggested Hearing Date*. The Debtor requests a hearing date of March 10, 2020 at 1:30 p.m., Courtroom 2, Customs House, 701 Broadway, Nashville, Tennessee 37203 (the time already scheduled for a final hearing on use of cash collateral).

5. *Supporting Argument*. The Debtor supports this motion as set forth below.

## BACKGROUND and JURISDICTION

6. On February 22, 2020 ("Petition Date") Affiliated Creditors, Inc. ("Debtor" or "ACI") filed a voluntary petition under the provisions of Chapter 11 of the United States Bankruptcy Court with the United States Bankruptcy Court for the Middle District of Tennessee.

7. Pursuant to the provisions of §§ 1107 and 1108 of the Bankruptcy Code, the Debtor is operating its business and managing its affairs as a Debtor-in-Possession. No Trustee or Examiner has been requested or appointed.

8. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The Debtor filed the Cash Collateral Motion on the Petition Date, and thereby sought authority to use cash collateral to pay its reasonable and necessary operating expenses.

10. Prior to the commencement of this case, Regions Bank asserted a first priority lien on ALL of Debtor's collection accounts, and that proposition formed the basis of the Cash Collateral Motion. However, at the February 27, 2020 hearing on the Cash Collateral Motion (the "February 27 Hearing"), bankruptcy counsel for Regions conceded that the funds collected by the Debtor (less Debtor's commissions and costs) belong to the Debtor's third-party clients.

11. Regions consented to the post-petition separating of client funds from the Debtor's commission and costs. Presumably, therefore, the same is true for all funds in all of Debtor's accounts.

**REQUESTED RELIEF**

12. The landscape of this case changed dramatically at the February 27 Hearing. The Debtor sought Chapter 11 protection feeling stuck between a lender claiming a security interest in ALL accounts receivables that might freeze operating accounts at any minute, and its clients to whom the Debtor wished to remit funds in the regular course of operations. Regions Bank's acknowledgement at the hearing that the funds collected on clients' behalf belonged to the clients frees the Debtor to continue operating in the ordinary course and pay clients.

13. The Debtor recognizes the requirements of 11 U.S.C. § 363 and submits that it maintains cash accounts consisting of non-client funds (Debtor's commissions and costs) which may constitute "cash collateral." Regions Bank's lien attaches only to these funds and not to funds that belong to Debtor's clients.

14. Middle Tennessee Emergency Physicians, PC, Williamson Medical Center, and Anatomic and Clinical Laboratory Associates, PC (together "Objectors") filed an objection to the Debtor's Cash Collateral Motion. Without limitation, the Objectors asserted that the purported cash collateral is not property of the bankruptcy estate but, in whole or in part, constitutes trust funds in which the Debtor has no interest.

15. The Debtor agrees with the Objectors' position and likewise contends that Regions is secured in the Debtor's accounts ONLY to the extent of Debtor's commissions and costs, but not as to client funds.

16. Regions acknowledged at the February 27 Hearing that it does not have a lien on post-petition client funds. By extension Regions also does not and cannot have a lien on pre-petition client funds. Regions security interest cannot attach to an interest of the Debtor if the Debtor never acquired "rights in the collateral." If, as the Court stated at the February 27 Hearing, the Debtor is a conduit of someone else's property, then Regions' lien attaches only to Debtor's commissions and costs, not the client funds. The same holds true for pre-petition and post-petition funds.

17. 11 U.S.C. § 541(d) provides:

Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

18. Regions cannot have rights in the client's money for purposes of providing itself a secured claim prepetition, but no lien post-petition because the funds belong to the clients. *See In re Morris*, 260 F.3d 654, 665–66 (6th Cir. 2001) (discussing imposition of constructive).

19. The Tennessee Uniform Commercial Code requires the attachment of a security interest. TCA § 47–9–203(a). To attach, a security interest must be enforceable. A security interest is enforceable with respect to collateral only if (a) value has been given, (b) *the debtor has rights in the collateral*, and (c) the debtor has authenticated a security agreement that provides a description of the collateral. Tenn.Code Ann. § 47–9–203(b). *In re McKenzie*, No. 08-16378, 2011 WL 2118689, at *6 (Bankr. E.D. Tenn. May 27, 2011), *aff'd*, No. 1:11-CV-192, 2012 WL 4742708 (E.D. Tenn. Oct. 2, 2012), *aff'd*, 737 F.3d 1034, 2013 WL 6607062 (6th Cir. 2013). A debtor must have "rights in the collateral or the power to transfer rights in the collateral to a secured party" in order for a security interest to be enforceable. *See In re U.S. Ins. Group, LLC*, 429 B.R. 903, 912 (E.D. Tenn. 2010) (quoting Tenn. Code Ann. § 47–9–203(b)(2)) *In re Houghton*, No. 16-31934 MPP, 2017 WL 6397717, at *7 (Bankr. E.D. Tenn. Dec. 13, 2017), *aff'd sub nom. Knoxville TVA Employees Credit Union v. Houghton*, No. 3:16-BK-31934, 2018 WL 3381506 (E.D. Tenn. July 10, 2018).

20. The relationship between the Debtor and its clients is contractually defined, and the Debtor's possession of client funds is similar to that of a third-party payroll company, or disbursing agent. *See, e.g., Shipley Co. v. Darr (In re Tap, Inc.)*, (Bankr. D.Mass. 1985) (finding that the debtor never acquired an interest in its client's funds where the client "paid money to the debtor for the express purpose of paying third parties.

The delivery of funds [to the debtor] by the [client] rested upon the clear understanding ... that the funds were to be remitted promptly to the appropriate [third-parties].... There was no consent to the debtor's use of such funds for its own purposes...."). *In re Computrex, Inc.*, 403 F.3d 807, 811 (6th Cir. 2005) (finding no property of the estate where Debtor was hired to assist with processing freight charges for a manufacturer). The Debtor's bare possession without ownership or ability to use that money as its own, means that Debtor does not have rights in the money. If the Debtor has no rights, Regions does not have a right to claim it as security under Tennessee UCC law.[1]

21. Section 506 provides the roadmap for determining whether and to what extent a claim is secured. A secured claim is defined by § 506(a)(1) as "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest ... to the extent of the value of such creditor's interest *in the estate's interest in such property*." 11 U.S.C. §506(a) (emphasis added). Since Debtor's estate has no legal interest in the client funds, neither does Regions have those funds as collateral.

22. The Debtor desires to pay clients post-petition amounts as soon as possible to maintain ordinary business operations. Payment of the money to the clients, as

---

[1] The funds may even be subject to a constructive trust. The Sixth Circuit has recognized that imposition of a constructive trust might be appropriate when property in bankruptcy was not subject to distribution to creditors and so does not implicate the rationale of ratable distribution. *McCafferty v. McCafferty (In re McCafferty)*, 96 F.3d 192, 196-97 (6th Cir.1996) (quoting *Begier v. IRS*, 496 U.S. 53, 58, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990)). Bankruptcy courts look to applicable state law to determine property of the estate issues, and Tennessee has imposed a constructive trust "(4) where a person acquires property with notice that another is entitled to its benefits." *Coleman v. Olson*, 551 S.W.3d 686, 695 (Tenn. 2018) (quoting *Roach v. Renfro*, 989 S.W.2d 335, 341 (Tenn. Ct. App. 1998) (*quoting Intersparex Leddin KG v. Al-Haddad*, 852 S.W.2d 245, 249 (Tenn. Ct. App. 1992)) (internal citation omitted).

requested herein, will mean the Debtor is current on all post-petition obligations and increases the likelihood that clients will continue to place accounts with the Debtor.

23. The Debtor has continued to receive new placements from its clients despite the bankruptcy filing and has likewise had direct communications from many of its clients indicating that they will continue to use ACI. This is in large part due to the 39-year history of this Debtor and the strong personal relationship Mr. Williams has with many of ACI's clients. However, everything depends on whether remittances actually begin to flow.

24. Permitting the Debtor to remit funds to clients and use cash collateral will allow the Debtor to (a) avoid disruption of its workforce; (b) maintain its office; (c) maintain its efforts to collect accounts; and (d) protect and preserve protected patient health information and consumer data. The protection of this data is an important, expensive, and integral part of the Debtor's business, and absent use of cash collateral, there would be an immediate information crisis.

25. The Debtor requests continued interim use of cash collateral and requests a final hearing be set in approximately thirty (30) days. Allowing the Debtor one month's operations will show its viability as an ongoing business and will allow the Debtor to file a Plan and Disclosure Statement. The Debtor would commit to filing a Plan and Disclosure Statement prior to the final hearing on use of cash collateral.

26. The Debtor seeks interim relief, and requests that the Court continue the final hearing to April 14, 2020 at 9:00 AM in Courtroom 2, 701 Broadway Nashville TN 37203.

WHEREFORE, the Debtor respectfully requests the entry of an Order:

Case 3:20-bk-01132    Doc 48    Filed 03/09/20    Entered 03/09/20 14:01:31    Desc Main
Document      Page 7 of 13

a) Granting this motion;

b) Authorizing the Debtor to immediately remit client funds in accordance with the schedule attached hereto as Exhibit A;

c) Authorizing Debtor's continued interim use of cash collateral in accordance with the budget attached hereto as Exhibit B;

d) Continuing the final hearing to grant the Debtor final approval to use cash collateral;

e) Amending the Agreed Order Authorizing Use of Cash Collateral (Docket No. 37) as necessary to effectuate the foregoing; and

f) Granting such other and further relief as is just and appropriate.

Respectfully submitted,

/s/ Robert J. Gonzales
Robert J. Gonzales (robert@emerge.law)
Elliott W. Jones (elliott@emerge.law)
Nancy B. King (nancy@emerge.law)
EmergeLaw, PLC
4000 Hillsboro Pike, Suite 505
Nashville, Tennessee 37215
(615) 953-2629

ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

On February 22, 2020, the foregoing was served via CM/ECF on all parties consenting to electronic service in this case and by regular mail, email or fax (as applicable) to (i) each of the Secured Creditors, (ii) the Debtor's twenty largest unsecured creditors, (iii) the Office of the United States Trustee.

/s/ Robert J. Gonzales
Robert J. Gonzales

# PROPOSED ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 3:20-BK-01132 |
| AFFILIATED CREDITORS, INC. ) | Chapter 11 |
| ) | Judge Charles M. Walker |
| Debtor. ) | |

**EXPEDITED ORDER AUTHORIZING DISBURSEMENT
OF CLIENT FUNDS AND AMENDING EXPEDITED
AGREED ORDER AUTHORIZING USE OF CASH COLLATERAL**

This matter is before the Court on the Debtor's Expedited Motion for Entry of Order Authorizing Disbursement of Client Funds and Amending Expedited Agreed Order Authorizing Use of Cash Collateral (the "Motion").

## CONCLUSIONS

The Court has considered the Motion, and after due deliberation and good and sufficient cause appearing for the entry of the within order, the Court hereby finds and orders as follows:

1. The Debtor filed its petition under Chapter 11 of the Bankruptcy Code on February 22, 2020 (the "Petition Date") and is presently operating as a debtor-in-possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code.

2. Notice of the Motion has been served in accordance with Federal Rule of Bankruptcy Procedure 4001(d) and the applicable Local Bankruptcy Rules, which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules with respect to the relief requested thereon.

3. Only Regions Bank appears to assert a lien on Debtor's cash collateral (as that term is defined in 11 U.S.C. § 363(a)).

4. The only property of the estate to which the Regions Bank lien attaches is the Debtor's commissions and recouped expenses, not collected funds that are property of the Debtor's clients.

5. Regions Bank asserts a valid, perfected security interest in the Debtor's property, including its cash collateral, which would entitle it to adequate protection for any diminution in the value of its collateral arising from the Debtor's post-petition use thereof. Based on the asserted existence of the security interests, in the interim period pending the Court's final determination of any lien validity or priority, the Debtor requires immediate use of cash collateral in order to continue its business operations without interruption, and to avoid immediate and irreparable harm to the estate pending a final hearing on the Motion. In the absence of the use of cash collateral, the continued operation of the Debtor's business would not be possible, and serious and irreparable harm to the Debtor and its estate would occur.

IT IS HEREBY ORDERED as follows:

1. *Disbursement of Client Funds.* The Debtor is authorized to immediately disburse funds to its clients as set forth in the schedule attached to the Motion as Exhibit A. To accomplish such disbursements, the Debtor is authorized to use cash in any and all of the Debtor's accounts, including but not limited to the "frozen account" at Regions Bank as defined in the Agreed Order Authorizing Use of Cash Collateral (the "Agreed Order") entered at Docket No. 37.

2. *Cash Collateral.* The only property of the estate to which Regions Bank's lien attaches is the Debtor's commissions and recouped expenses, not collected funds that are property of the Debtor's clients.

3. *Use of Cash Collateral*. The Debtor is authorized to use cash collateral until a final hearing on the Motion in accordance with the terms of the Debtor's Motion for Authority to Use Cash Collateral (Docket No. 4) and the Motion, including the budget attached to the Motion as Exhibit B. In addition to the expenses set forth in the Budget, Debtor is authorized to use cash collateral for payment of: (i) allowed professional fees and disbursements to professionals in this case; (ii) advanced filing fees, legal and litigation costs, and other advance cost expenses incurred by Attorney Terry J. Canady for collecting Debtor's accounts in the ordinary course of business; (iii) United States Trustee quarterly fees required to be paid pursuant to 28 U.S.C. § 1930(a)(6); and any fees payable to the Clerk of the Bankruptcy Court.

4. *Adequate Protection*. Regions Bank is granted the following:

a. *Replacement Liens*. Regions Bank shall receive a replacement security interest under Section 361(2) of the Bankruptcy Code in the Debtor's post-petition property and proceeds thereof (excluding the Debtor's rights under Sections 544, 545, 546, 547, 548, 549, and 550 of the Bankruptcy Code), to the same extent and priority as its purported security interest in the Debtor's pre-petition property and the proceeds thereof.

b. *Automatic Perfection*. For the limited purpose of this interim Order, the replacement lien and security interest granted herein shall be deemed perfected

upon entry of this Order without the necessity of any of Regions Bank taking possession of any collateral or filing financing statements or other documents.

5. *Carve-Out*. Debtor is granted a carve-out and authority to use cash collateral for payment of allowed professional fees and disbursements to professionals whose employment has been approved by the Court.

6. *Interim Order*; *Final Hearing; Miscellaneous Provisions*. This is an interim Order. The final hearing on the Motion (the "Final Hearing") is hereby set for: _____, 2020, Courtroom 2, 701 Broadway Nashville, TN 37203. Any objections to entry of a final order shall be filed by _____, 2020.

    a. *Modification of Interim Order*. At the Final Hearing, all of the provisions of this Order with respect to adequate protection may be hereafter modified or continued by the Court as a final order (the "Final Order") based upon, without limitation, the terms and conditions of a final order determining any lien disputes, or as further determined by the Court at such Final Hearing on the Motion. The Debtor and Regions Bank each reserve the right to seek to modify the terms and conditions of this Order with respect to adequate protection, or otherwise, in connection with the entry of the Final Order.

    b. *No Limitation*. Nothing contained herein shall be deemed or construed to (i) limit the Debtor or Regions Bank to the relief granted herein; (ii) bar the Debtor or Regions Bank from seeking other and further relief for cause shown on appropriate notice to parties-in-interest entitled to notice of same, (provided, however, that any such relief constituting a modification of this Order shall be permitted only to the

extent consistent with the terms of the Final Order (as set forth herein), or (iii) require Regions Bank to make any loans or advances to the Debtor.

6.  Upon entry of this Order, Notice of this Order shall be served on (i) the Debtor's twenty largest unsecured creditors, (ii) the Office of the United States Trustee, and (iii) all the Debtor's secured creditors.

IT IS SO ORDERED.

**This Order Was Signed And Entered Electronically as Indicated At The Top Of The First Page**

APPROVED FOR ENTRY:

/s/ Robert J. Gonzales
Robert J. Gonzales (robert@emerge.law)
Elliott W. Jones (elliott@emerge.law)
Nancy B. King (nancy@emerge.law)
EmergeLaw, PLC
4000 Hillsboro Pike, Suite 505
Nashville, Tennessee 37215
(615) 953-2629

ATTORNEYS FOR DEBTOR